RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/8/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RODNEY L. JACKSON (#104093) | DOCKET NO. 14-CV-150; SEC. P |
| VERSUS | JUDGE DRELL |
| SHELIA SPINNER | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff, Rodney L. Jackson, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 30, 2014. He was granted leave to proceed *in forma pauperis* on February 24, 2014. [Doc. #7] Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), and he is incarcerated at the Richewood Correctional Center in Monroe, Louisiana. He complains that, while incarcerated at the Concordia Parish Correctional Center, he completed a substance abuse program, which entitles him to a credit of ninety days of good time. Plaintiff states that he has not been credited for the good time, and that he was transferred from Concordia Parish Correctional Center while his grievance was pending.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

Mr. Jackson seeks to have his release date adjusted based on credits earned for the successful completion of a substance abuse program. Thus, Plaintiff seeks an earlier release from custody. **Such relief is not available by way of a civil rights action.** See

<u>Carson v. Johnson</u>, 112 F.3d 818, 820 (5th Cir.1997). A §1983 action is appropriate for recovering monetary damages resulting from illegal administrative procedures; however, a *habeas* action is the appropriate federal remedy for a state prisoner challenging the <u>fact</u> or <u>duration</u> of his confinement. See <u>Cook v. Texas Dept. of Criminal Justice Planning Dept.</u>, 37 F.3d 166, 168 (5th Cir. 1994).

Plaintiff should note that, with regard to filing a petition for *writ of habeas corpus*, **a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas corpus* relief**. See <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956 (1987); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).

Generally, the habeas exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. <u>Dupuy v. Butler</u>, 837 F.2d 699, 702 (5th Cir.1988). That is, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant *before* those claims are heard in federal court.[1] <u>Picard v. Connor</u>, 404 U.S. 270, 275

---

[1] Thus, before proceeding in this Court with a habeas action, Plaintiff must:
(1) challenge the computation of his sentence through the Department's administrative grievance process. La. R.S. 15:1176.
(2) If the administrative remedies procedure is unsuccessful, seek judicial review in the <u>Nineteenth Judicial District Court, East Baton Rouge Parish</u>. See La. R.S. 15:1177 and R.S. 15:571.15.
(3) If unsuccessful at the district court level, appeal the decision of the Nineteenth Judicial District Court to <u>Louisiana's First Circuit Court of Appeal</u>. See La. R.S. 15:1177A(10) and R.S.13:312(1).
(4) Should the appeal be unsuccessful, seek <u>supervisory review in the Louisiana Supreme Court</u>. La.Code Civ. P. art. 2201; La.Code Crim. P.

(1971).

In sum, a habeas petition is the proper vehicle for challenging the fact or duration of incarceration, and the claim must be exhausted prior to being addressed by a federal court.

**THEREFORE, IT IS RECOMMENDED** that Plaintiff's §1983 complaint be **DENIED AND DISMISSED** as failing to state a claim for which relief can be granted.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM

---

art. 922.

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of May, 2014.

```
_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE
```